UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-00017-F
No. 4:13-CV-00242-F

**Edmund Wallace, III**,

              Petitioner,

v.

**United States of America**,

              Respondent.

**Memorandum & Recommendation**

      Petitioner Emmanuel Wallace, III seeks to vacate his original sentence of 252 months of imprisonment[1] imposed in connection with his guilty plea to one count of robbery of a business in interstate commerce and aiding and abetting ("Count One" or "Hobbs Act Robbery"), and one count of possession of a firearm during and in relation to a crime of violence and aiding and abetting ("Count Two"). ("Motion to Vacate"). Wallace argues that he is entitled to relief because the Government failed to prove all of the elements of Counts One, in violation of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and because he is "actually innocent" of Count Two. He asserts that these failures caused his guilty plea to be unintelligently made. Wallace also argues that he is entitled to relief because his appellate counsel provided him with ineffective assistance by failing to argue the issues raised in his *pro se* appeal. The Government responds with numerous arguments asserting that Wallace is not entitled to the relief he seeks, including that (1) Wallace is barred by his express agreements with the Government to waive his right to challenge his convictions and sentences; (2) Wallace is bound by the statements he made under

---

[1] The court re-sentenced Wallace to 228 months of imprisonment on February 19, 2014. D.E. 74.

oath during the Rule 11 colloquy; and (3) Wallace fails to demonstrate that appellate counsel's performance was deficient and prejudicial.

After reviewing the docket and the arguments of the parties, it appears that Wallace is not entitled to the relief he seeks because he waived his rights to collaterally attack his sentence, he cannot prove that he is "actually innocent" of Count Two, and he fails to demonstrate that appellate counsel's actions were unreasonable and prejudicial. Therefore, the undersigned recommends[2] that that the court deny Wallace's Motion to Vacate (D.E. 53) and grant the Government's Motion to Dismiss (D.E. 71).

## I. Background

Wallace and two accomplices, one of whom was an armed guard, robbed an armored vehicle on June 23, 2011. PSR at ¶ 3, 5, D.E. 22. In April 2012, Wallace entered a guilty plea, pursuant to a written plea agreement, to one count of robbery of a business in interstate commerce and aiding and abetting ("Count One") and one count of using or carrying a firearm during and in relation to a crime of violence and aiding and abetting ("Count Two"). D.E. 16. As a result of his guilty plea, the court entered a judgment on January 2, 2013, requiring him to serve a 168-month term of imprisonment for Count One and an 84-month term of imprisonment for Count Two. D.E. 28. The court ordered that Wallace serve these terms of imprisonment consecutively. *Id.*

Wallace directly appealed his sentence to the Fourth Circuit Court of Appeals. He raised two claims on appeal: he argued that the Government failed to present evidence that he possessed, brandished, or used a firearm, and he challenged the Government's failure to move for a downward departure pursuant to USSG § 5K1.1. Notice of Appeal at 5, D.E. 33. The

---

[2] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

Government filed an unopposed motion to remand Wallace's case for resentencing on Count Two in light of the Supreme Court's decision in *Alleyne*. Appeals D.E. 23. In its motion, the Government noted that Wallace was sentenced prior to *Alleyne*, but that it wished to avoid sentencing disparity as at least one of Wallace's co-conspirators was sentenced after *Alleyne*. *Id.* at ¶ 4. The Government also stated that Wallace agreed to be resentenced and "waived any challenge to his convictions on Count One and Two or to his sentence on Count One." *Id.* at ¶ 5. The Court of Appeals granted the Government's motion and remanded Wallace's case for resentencing on Count Two. D.E. 46.

On February 19, 2014, the court re-sentenced Wallace to 168 months of imprisonment for Count One and 60 months of imprisonment for Count Two. D.E. 74. The court again ordered Wallace to serve the terms consecutively. *Id.* Wallace filed his Motion to Vacate on November 18, 2013 (D.E. 53), and the Government responded by filing a Motion to Dismiss (D.E. 71).

**II.     Analysis**

    **A.     Legal Standard**

In order to prevail on his Motion to Vacate, Wallace must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such sentence; or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" regarding the petitioner's motion. 28 U.S.C. § 2255(b). However, ultimately, the petitioner must establish that he is entitled to relief by a preponderance of the evidence. *See, e.g.*, *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

The Federal Rules of Civil Procedure are applicable to the court's consideration of a Section 2255 motion to the extent that they do not conflict with any other statutory provisions or the procedural rules specifically applicable to Section 2255 motions. Rules Governing § 2255 Proceedings, Rule 12. Therefore, in reviewing the Government's Motion to Dismiss, the court will apply the standard that generally applies to motions brought pursuant to Rule 12(b)(6).

In order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The court may also consider documents that are part of the public record, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a Section 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Ashcroft*, 556 U.S. at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

B.  **Wallace's Challenge to His Conviction on Count One**

Wallace challenges his conviction on Count One, asserting that the Government did not prove all of the elements of Hobbs Act Robbery, causing him to be sentenced in violation of *Alleyne*. The Government contends that Wallace expressly waived his right to collaterally attack his conviction and that *Alleyne* is not applicable to his case. The court agrees with the Government's assertion that *Alleyne* is not applicable to this case. *Alleyne* applies to facts that increases the mandatory minimum penalty, *Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013), and there are no facts in Wallace's case that, by law, increased the penalty for his crime. The court further determines that Wallace's Motion to Dismiss on these grounds should be dismissed because he waived his right to collaterally attack his sentence.

A defendant may waive the right to collaterally attack his conviction and sentence, so long as the waiver is knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Typically, a petitioner will respond in one of two ways when confronted with the argument that his claims are barred by a waiver contained in a plea agreement: (1) the waiver was not entered into knowingly and voluntarily; or (2) the issues raised in the petition fall do not within the scope of the waiver. *Id.* at 220 & n. 2.  Resolving disputes over the validity and scope of a § 2255 waiver typically requires the court to examine the terms of the plea agreement between the parties, transcripts from the petitioner's plea hearing and sentencing, and the nature of the claims advanced in support of the petitioner's claim for relief. The court will begin by determining whether Wallace knowingly and voluntarily waived his right to collaterally attack
5

his sentence and, if that question is resolved against him, determine whether his claims are encompassed in the terms of the waiver.

It is indisputable that Wallace's plea agreement, which he signed, contained a provision regarding waiver of his right to collaterally attack his sentence. D.E. 17. Specifically, Wallace agreed to give up "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255...." *Id.* at ¶ 2(c). Only claims of "ineffective assistance of counsel or prosecutorial misconduct not known to" Wallace at the time of his plea were spared from this blanket waiver. *Id.*

The record indicates that Wallace's waiver was knowing and voluntary. Generally, a waiver is valid "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). At Wallace's arraignment, United States District Judge Fox conducted a standard Rule 11 colloquy where he inquired into the intelligence and voluntariness of Wallace's guilty plea. As part of that colloquy, Judge Fox informed Wallace of the charges against him and advised him of the maximum penalties and applicable mandatory minimum penalties. Arraignment Tr. 17:2–18:8.

Additionally, Wallace stated under oath that he understood the possible consequences of his plea, the penalties associated with his charges, and that he was giving up his rights to a jury trial (*id.* at 18:19–24, 20:4–8); that he discussed with his attorney the charges contained in his indictment and understood them (*id.* at 19:3–8); that he read the plea agreement and discussed it with counsel (*id.* at 22:2–6); and that nobody threatened him or forced him to plead guilty (*id.* at 21:12–14). Wallace then acknowledged the facts charged in Counts One and Two and admitted his guilt. *Id.* at 29:10–12. Judge Fox determined that Wallace knowingly and voluntarily entered into the guilty plea and accepted the plea. *Id.* at 29:23–30:1. Furthermore, the court informed

6

Wallace that he waived some or all of his rights to appeal his sentence. Sentencing Tr. 77:20–78:3. The court therefore accepts the truth of Wallace's sworn statements and determines that he voluntarily and intelligently entered into his guilty plea.

Wallace's claims are also encompassed within the terms of the waiver. The waiver only excludes claims of "ineffective assistance of counsel or prosecutorial misconduct not known to" Wallace at the time of his plea. Mem. of Plea Agrmt. at ¶ 2(c), D.E. 17. Wallace does assert a claim of ineffective assistance of counsel, which is discussed in Section D, but this claim is not a claim of ineffective assistance of counsel or prosecutorial misconduct. The court must therefore give effect to the terms of the agreement reached between Wallace and the Government by determining that he has waived his right to pursue the relief sought in the Motion to Vacate. Accordingly, Wallace's claims that the Government failed to prove all of the elements of his crime should be dismissed.

### C.    Wallace's Challenge to his Conviction on Count Two

Wallace next challenges his conviction on Count Two by asserting that he is "actually innocent" because he did not possess a firearm. The Government argues that Wallace's Motion should be dismissed because Wallace is using the 2255 Motion to improperly re-litigate an issue brought on appeal and then waived, and the motion is barred by Wallace's express agreement with the Government to waive his right to challenge the conviction as to Count Two. After review, the court determines that Wallace's Motion to Vacate should be dismissed as to these grounds because Wallace cannot show that he was factually innocent of Count One and he is bound by the sworn statements he made to the court during his arraignment.

Wallace, relying on *United States v. Bailey*, 516 U.S. 137 (1995), first argues that mere possession of a firearm does not violate 18 U.S.C. § 924(c). However, Wallace cannot rely on *Bailey* as Congress amended § 924(c) to include possession of a firearm in 1998. *Abbott v.*

7

*United States*, 562 U.S. 8, 16–17 (2010). The amended statute applies to Wallace because his crime occurred in 2011. PSR ¶ 5, D.E. 22.

Wallace next argues that he is actually innocent of Count One because he did not possess a firearm. A claim of actual innocence without an underlying constitutional violation is generally not a basis for habeas corpus relief. *See Buckner v. Polk*, 453 F.3d 195, 199 (4th Cir. 2006) ("[T]he Supreme Court has strongly suggested that claims of actual innocence standing alone do not serve as an independent basis for habeas relief: 'Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.'" (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993))). Instead, claims of actual innocence excuse defaulted constitutional claims. *Woltz v. United States*, No. 3:08-cv-438-1, 3:06-cr-74, 2010 WL 4627805, at *5 (E.D.N.C. Nov. 8, 2010). Wallace has not procedurally defaulted on his constitutional claims, nor does he assert newly discovered evidence. However, out of an abundance of caution, the court will consider the merits of his actual innocence claim.

In order to succeed on an actual innocence argument, a petitioner must demonstrate by clear and convincing evidence "actual factual innocence of the offense of conviction, *i.e.*, that [he] did not commit the crime of which he was convicted; this standard is not satisfied by a showing that [he] is legally, but not factually, innocent." *United States v. Mikalajunas*, 186 F.3d 490, 493, 494 (4th Cir. 1999). To prove the crime of aiding and abetting a violation of § 924(c), the Government must demonstrate that "the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a

8

gun during the crime's commission." *Rosemond v. United States*, 134 S. Ct. 1240, 1243 (2014).[3] A defendant has advanced notice if he has enough time to "opt to walk away" or if he "continues to participate in a crime after a gun was displayed or used by a confederate." *Id.* at 1249–50 n.9.

The evidence tends to indicate that Wallace had advanced knowledge that one of his confederates would carry a firearm during the Hobbs Act Robbery. One of Wallace's accomplices was an armed guard of the armored vehicle that was robbed. PSR at ¶¶ 3, 5, D.E. 22. There is also evidence that suggests that Wallace was involved in planning the robbery. Sentencing Hrg. Tr. at 8:3–9, 22:9–23:18, D.E. 45. The court therefore finds that Wallace had advanced knowledge that one of his accomplices would be carrying a firearm during the commission of the robbery.

Moreover, Wallace is bound by the sworn statements he made to the court at his arraignment. *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established …." ). As already explained, Judge Fox conducted a Rule 11 colloquy at Wallace's arraignment and determined that Wallace knowingly and voluntarily entered into his guilty plea. Therefore, the court accepts the truth of Wallace's sworn statements and determines that his Motion to Vacate on grounds of "actual innocence" of Count Two should be dismissed.

### D. Wallace's Claim of Ineffective Assistance of Counsel

Wallace next asserts that his sentence was imposed in violation of the Constitution because his appointed appellate counsel's performance was so inadequate that it violated his

---

[3] Even though Wallace was charged and sentenced before *Rosemond*, the Fourth Circuit Court of Appeals has retroactively applied *Rosemond*. *See United States v. Brown*, 595 F. App'x 258, 259–60 (4th Cir. 2015) (per curiam) (stating that the petitioner met the *Rosemond* standard for aiding and abetting a violation of § 924(c)); *Brown v. United States*, No. DKC-10-2569, DKC-08-0529, 2013 WL 4562276, at *1–5 (D. Md. Aug. 27, 2013) (describing that the petitioner was indicted and charged in 2009).

9

right to counsel under the Sixth Amendment to the Constitution. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the assistance of counsel for his defense." U.S. Const. amend VI. A defendant's right to assistance of counsel may be violated if his attorney fails to provide adequate legal assistance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Wallace asserts that his appellate counsel violated his Sixth Amendment rights by failing to argue issues raised in his *pro se* appeal. The Government seeks dismissal of Wallace's Motion because he failed to demonstrate appellate counsel's deficient and prejudicial performance, and failed to establish a meritorious challenge to Count One, such that counsel could have reasonably raised the argument on appeal. After review, the court determines that Wallace's claim of ineffective assistance of counsel should be dismissed because appellate counsel's performance was reasonable and did not prejudice Wallace.

In order to succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel's representation was deficient and that deficiency prejudiced him. *Strickland*, 466 U.S. at 688–89. Deficient representation occurs when "counsel's representation [falls] below an objective standard of reasonableness." *Id.* at 688. Courts are "highly deferential" in their scrutiny and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Deficient representation is prejudicial when the petitioner "affirmatively proves" that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692, 694.

Appellate counsel's failure to argue the issues raised in Wallace's *pro se* appeal was a strategic decision that is entitled to deference. After Wallace appealed, the Government filed an unopposed Motion to Remand Count Two for Resentencing. D.E. 46; Appeals D.E. 23. In its motion, the Government noted that even though Wallace was sentenced prior to *Alleyne*, it

sought to avoid sentencing disparities as at least one of Wallace's co-conspirators was sentenced after *Alleyne*. Mot. to Remand at ¶ 4, Appeals D.E. 23. The Government further asserted that it consulted with appellate counsel and Wallace "agree[d] that he should be resentenced on Count Two in conformity with *Alleyne*. *Id.* at ¶ 5. Accordingly, appellate counsel's actions did not fall below an objective standard of reasonableness because it was a strategic decision to reduce Wallace's sentence.

Even if appellate counsel's performance was deficient, Wallace does not show that there is a reasonable probability that appellate counsel's errors would have changed the result of his appeal. Wallace merely asserts that appellate counsel's actions were prejudicial without providing any support. Furthermore, counsel's actions were actually beneficial to Wallace as the Fourth Circuit Court of Appeals remanded his case (D.E. 46) and he was resentenced to 228 months of imprisonment—a sentence that is two years less than his original term of imprisonment. D.E. 74. Wallace, therefore, does not demonstrate that appellate counsel's actions were prejudicial and his claim of ineffective assistance of counsel should be dismissed.

## III. Conclusion

For the foregoing reasons, the undersigned recommends that the court deny Wallace's Motion to Vacate (D.E. 53) and grant the Government's Motion to Dismiss (D.E. 71).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the

Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: April 1, 2016

_Robert T. Numbers II_
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE